RECD IN PRO SE OFFICE
NOV 20 '24 PM3:44

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CLAUDIA HARRIS,
Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC,
Defendants.

Index No.: 1:24Civ.7696

**PLAINTIFF CLAUDIA HARRIS**
**OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S REQUEST FOR ARBITRATION**

Pursuant to NY CPLR subsection 7503 (b) Application to stay arbitration. Subject to the provisions of subdivision (c), a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with:

1. Experian Information Solutions, Inc. named as one of the Defendants, has counsel, Lauren Kim that stated during a phone conversation on November 04,2024 at 5:11p.m. Eastern Standard Time, that Claudia Harris named, Plaintiff, had entered into some kind of subscription with a Defendant in April 26, 2023. At which time during the four minute conversation the Plaintiff, Claudia Harris, stated to Defendant, Experian Information Solutions,Inc, counsel, Lauren Kim, that Plaintiff has no subscription with Defendant nor would Plaintiff ever request any kind of subscription thru Defendant, Experian Information Solutions,Inc. as they proved themselves insufficient in performing elementary tasks of accurate credit reporting and remedy where error was stated to have been made. No additional relationship would the Plaintiff, Claudia Harris ever desire to have with said Defendant (s) Experian or Experian Information Solutions,Inc. or Experian for the same reasoning. Furthermore arbitration cannot be held to have been contracted if there was no assent, because the basic tenet of contract law, in order to be binding is that a contract requires a “meeting of the minds’ and “a manifestation of mutual assent.” *Express Indus., 93 N.Y. 2d at 589, 693 N.Y.S. 2d 857, 715 N.E. 2d 1050.*

2. Defendant, Experian Information Solutions, Inc has no wet signature of the Plaintiff , Claudia Harris, showing consent or assent to agreeing, nor any electronic signature given amicably by the Plaintiff nor by force because Plaintiff denies being in any subscription or membership with Defendant, Experian Information Solutions.Inc.

The New York Civil Practice Law and Rules provide that an agreement to submit a controversy to arbitration is enforceable without regard to the justiciable character of the controversy and further provides that the court should not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute. N.Y. C.P.L.R. § 7501.

An application to stay arbitration may be granted only if a valid agreement has not been made or has not been complied with, or if the claim sought to be arbitrated is barred by the statute of limitations. N.Y. C.P.L.R. S§ 7503. Although there has been the

new commerce and transactions that can be done thru the Internet which exposes the courts to new situations, the basic fundamentals regarding principles of contract have not changed, as seen in *Register.com, Inc. v. Verizon, Inc., 356 F. 3d 393, 403(2d Cor. 2004)*. where the requirement that mutual manifestation of assent, whether written, spoken word or by conduct is a key essential element of contract. *Speech v. Netscape Commc'ns Corp., 306 F. 3d 17, 29 (2d Cor. 2002)*.

Additionally, the Plaintiff, Claudia Harris, argues that the arbitration clause is unenforceable if it is unconscionable or if the Defendant, Experian Information Solutions, Inc. also known as Experian, has a website that is not secure. As Defendant, Experian InformationSolutions, Inc., website security was and has been compromised more than once, which could easily have lead to unauthorized agreements. The Defendant, Experian Information Solutions, Inc., also known as Experian, has had breaches.
a). One such breach was brought to light when Experian had a class action suit against them because of access to consumer information from 2010 through 2012 was made available by the workings of a single adolescent individual from outside the United States of America.

b). Another breach Defendant, Experian Information Solutions Inc., experienced did not get disclosed right away to consumers until a month after finding the breach to have happened on November 9, 2022 thru December 26, 2022 breach, hitherto raising the question of the website of the Defendant being a secure site to establish confidence of any agreement arbitration or otherwise made on Defendant's Experian website, to be held as valid although website security is highly questionable and not enough to substantiate the basic tenet of contract law

*Cited from Krebs on Security January 25, 2023 by Brian Krebs:*
*Experian experiences identity theft… identity thieves bypassed their (Experian) security system at the point of the verifying questions where Experian is tricked into giving them access to anyone's credit report, just by editing the address displayed in the browser URL bar at a specific point in Experian's identity verification process. Security although breached was satisfied by the simple act of the thieves and access was granted to consumer's full credit report armed with nothing more than a person's name, address, date of birth and Social Security number. Then Experian waited another month to mention it. (www.krebsonsecurity.com)*

which supports the fact that the website where said arbitration was allegedly entered into by Plaintiff, Claudia Harris, is not a secure site to make the claim that a valid arbitration agreement exists to then allow the federal district court to stay judicial proceeding and compel arbitration according to the FAA, *9 U.S.C.§ 1 et seq., 9 U. S. C. S. §3; Nguyen v. Barnes&Noble Inc., 763 F.3d 1171 * ; 2014 U.S. App LEXIS 15868**; 2014 WL 4056549*.
upholding right to arbitrate should be enforced, where Plaintiff, Claudia Harris, states that she never entered into any subscription for Defendant to support her efforts of having her consumer reporting safe guarded as Defendant has not been able to perform

their basic fundamental task of reporting accurately information concerning the Plaintiff, in her experience with them thus far. Furthermore, there is the question of the IP address for what is being stated as proof that Plaintiff, Claudia Harris, allegedly entered agreement on April 26, 2024, with Defendant, Experian Information Solutions, Inc., which Plaintiff continues to deny any such transaction to the best of her knowledge.

3. Pursuant to the Federal Arbitration Act (the "FAA"), "[a] written provision in any... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract... shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract." 9U.S.C.§2. While FAA reflects a "liberal federal policy favoring arbitration," *AT&T Mobility v. Concepcion, 573 U.S. 333, 339, 131S. Ct. 1740, 179 L. Ed. 2d 742 (2011)* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1.24, 13 S. Ct. 927, 74 L. Ed. 2d 765 (1993),"arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S. Ct. 1374, 4 L. Ed. 2d 1409 (1960)." Because the FAA mandates that ' district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement was signed,' the FAA limits courts' involvement to 'determining':*

*(1)whether a valid agreement to arbitrate exists and, if it does,*

*(2) whether the agreement encompasses the dispute at issue."*

*Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008)* (quoting *Chiron Corp. v. Ortho Diagnostic Sus., Inc., 207 F. 3d 1126, 1131 (9th Cor. 2000)).*
(quoting *Hopgood v. Experian Info. Sold., Inc. 716 F. Supp. 3d 845 *; 2024 U.S. District. LEXIS 28453.)*

Plaintiff asks the district court not to abuse its considerable discretion in addressing this matter of arbitration in light of the question of validity of the agreement, the question of mutual agreement of both the Defendant and Plaintiff alike for arbitration and the question of the IP address being cited for the basis for the Defendant's claim to push arbitration on the Plaintiff all of which remain to be clearly answered.

Dated November 20, 2024

Respectfully Submitted
By Claudia Harris
Per Se
Plaintiff
139-18 109th Rd
Jamaica New York 11435

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Claudia Harris

**(b)** County of Residence of First Listed Plaintiff Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro se Plaintiff; 139-18 109th Rd., Jamaica, New York 11435; 347-724-7405

**DEFENDANTS**
Experian Information Solutions, Inc., and Equifax Information Services, LLC.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Lauren H. Kim, Jones Day, for Experian Information Solutions, Inc
250 Vesey St., New York, New York 10281
212-326-3434

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [X] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C. 1681 et seq.

Brief description of cause: Plaintiff alleges Defendants violated FCRA

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 50,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE Alan Schiff DOCKET NUMBER CV-015668-23/QU

DATE 11-04-2024 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83 7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed

Case is Eligible for Arbitration ☑

I, ________________________________ counsel for ________________________ do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s)

☐ monetary damages sought are in excess of $150,000 exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

Parent company: Experian plc. Subsidiaries not wholly owned: Central Source LLC, Online Data Exchange LLC, New Management Services LLC, VantageScore Solutions LLC, Opt-Out Services LLC.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge " Rule 3(a) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(d)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain ☑ No

I certify the accuracy of all information provided above.

Signature: ________________________