**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLAUDIA HARRIS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Case No. 1:24-cv-07696-NRM-LB <br> ) |
| EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND TO <u>STATE COURT AND TO STAY ARBITRATION</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS.................................................. 2

LEGAL STANDARD.................................................................................................................... 2

ARGUMENT ................................................................................................................................. 4

I.     PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM FOR RELIEF.................. 4

     A.     Plaintiff's Individual Causes of Action Fail to State a Claim............................... 4

          1.     Plaintiff Fails to State a Claim for an FCRA Violation Because She Fails to Describe any Inaccuracy in Experian's Reporting or any Procedure that is Unreasonable ................................................................ 4

          2.     Plaintiff Fails to State a Claim for Defamation Because Malice is Not Alleged ............................................................................................. 6

          3.     Plaintiff Fails to State a Claim for Breach of Contract or Warranty Because Plaintiff Cannot Allege a Contract or Warranty Between Her and Experian ................................................................................... 7

          4.     Plaintiff Fails to State a Claim for "Failure to Provide Proper Services," "Repairs," or "Return of Security," as Each is Inapplicable to Experian. ............................................................................ 8

     B.     Plaintiff Fails to Allege Damages or that Experian Proximately Caused Her Damages........................................................................................................ 9

II.     PLAINTIFF ARGUES AN IRRELEVANT BASIS FOR REMAND ........................... 11

III.     PLAINTIFF REQUESTS A STAY OF NONEXISTENT ARBITRATION .................. 11

CONCLUSION............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................. 2, 3

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................................ 3

*Burns v. Bank of Am.*,
　655 F. Supp. 2d 240 (S.D.N.Y. 2008), *aff'd*, 360 F. App'x 255 (2d Cir. 2010) ....................... 9

*Casella v. Equifax Credit Info. Servs.*,
　56 F.3d 469 (2d Cir. 1995) .................................................................................................... 10

*Commc'ns Workers of Am., AFL-CIO v. Verizon New York Inc.*,
　No. 02 CIV. 4265, 2002 WL 31496221 (S.D.N.Y. Nov. 8, 2002) ........................................ 12

*Cuoco v. Moritsugu*,
　222 F.3d 99 (2d. Cir. 2000) ..................................................................................................... 3

*Darden v. Experian Info. Sols., Inc.*,
　No. 1:22-CV-0896, 2024 WL 489442 (N.D. Ga. Jan. 24, 2024) ............................................. 9

*Dillon v. City of New York*,
　704 N.Y.S.2d 1 (1st Dep't 1999) ............................................................................................. 7

*Dominski v. Frank Williams & Son, LLC*,
　848 N.Y.S.2d 791 (4th Dep't 2007) ......................................................................................... 7

*Gestetner v. Equifax Info. Servs., LLC*,
　No. 18-CIV-5665, 2019 WL 1172283 (S.D.N.Y. Mar. 13, 2019) ........................................... 5

*Harris v. Mills*,
　572 F.3d 66 (2d Cir. 2009) ...................................................................................................... 3

*Harry v. Total Gase & Power N. Am., Inc.*,
　889 F.3d 104 (2d Cir. 2018) .................................................................................................. 10

*Hollman v. Taser Int'l Inc.*,
　928 F. Supp. 2d 657 (E.D.N.Y 2013) ...................................................................................... 8

*In re Sagent Tech., Inc.*,
   278 F.Supp.2d 1079 (N.D.Cal.2003) ...................................................................................11

*Johnson v. Nextel Commc'ns, Inc.*,
   660 F.3d 131 (2d Cir. 2011)..................................................................................................8

*Khan v. Equifax Info. Services, LLC*,
   No. 18-CV-6367, 2019 WL 2492762 (E.D.N.Y. June 14, 2019) .........................................5

*Little v. Experian Info. Sols., Inc.*,
   No. 8:22-CV-00575, 2022 WL 17467708 (D. Md. Dec. 6, 2022).........................................8

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
   19 F.4th 58 (2d Cir. 2021) ...................................................................................................10

*Manohar v. City of New York Hum. Res. Admin.*,
   No. 09-cv-2559, 2009 WL 10740173 (S.D.N.Y. Aug. 12, 2009)..........................................2

*McCrae v. Trans Union LLC*,
   No. 1:23-cv-07971, 2024 WL 1859965 (S.D.N.Y. Apr. 29, 2024) .......................................9

*Mitchell v. Experian Info. Sols., Inc.*,
   No. 22-CV-5883, 2023 WL 2990479 (E.D.N.Y. Apr. 18, 2023) ..........................................7

*Nguyen v. Ridgewood Sav. Bank*,
   No. 14-CV-1058, 2015 WL 2354308 (E.D.N.Y. May 15, 2015) ..........................................6

*Nunez v. Citibank, N.A.*,
   No. 08 CV 5398, 2009 WL 256107 (S.D.N.Y. Feb. 3, 2009) .............................................12

*Perl v. Am. Exp.*,
   No. 11 Civ. 7374, 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012)...........................................10

*Peterson v. City of New York*,
   No. 10- cv-7283, 2018 WL 5811432 (S.D.N.Y. Nov. 6, 2018)..............................................3

*Prakash v. Homecomings Fin.*,
   No. 05-CV-2895, 2006 WL 2570900 (E.D.N.Y. Sept. 5, 2006) ...........................................7

*Shteynberg v. San Diego Cnty. Jail Sheriff's Dep't Med. Team*,
   No. 17-CV-1098, 2017 WL 11886002 (S.D. Cal. June 30, 2017).......................................10

*Sutherland Glob. Servs., Inc. v. Adam Techs. Int'l, SA de C.V.*,
   No. 11-CV-06425, 2012 WL 13046330 (W.D.N.Y. June 22, 2012)....................................12

*Swainson v. Lendingclub Corp.*,
   No. 21 Civ. 5379, 2022 WL 2704629 (S.D.N.Y. June 24, 2022), *report and
   recommendation adopted*, 2022 WL 2704486 (S.D.N.Y. July 12, 2022) .................................5

*Whelan v. Trans Union Credit Reporting Agency*,
   862 F.Supp. 824 (E.D.N.Y. 1994) ..................................................................................6, 7

*Wilber v. U.S. Postal Serv.*,
   No. 10-cv-3346, 2010 WL 3036754 (E.D.N.Y. Aug. 2, 2010) .................................................3

*Wilson v. HSBC Bank, USA as Tr. of Bcap-2008-In1*,
   No. 16-cv-8405-NSR, 2019 WL 1004587 (S.D.N.Y. Mar. 1, 2019), *aff'd sub
   nom. Wilson v. HSBC Bank, USA*, 834 F. App'x 607 (2d Cir. 2020) ......................................10

**STATUTES**

15 U.S.C. § 1681 et seq.................................................................................................... passim

28 U.S.C. § 1331................................................................................................................1, 11

28 U.S.C. § 1367(a) ...............................................................................................................11

28 U.S.C. § 1441(a) ...............................................................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 2

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Experian Information Solutions, Inc. ("Experian"), by and through its counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint with Prejudice. Experian also respectfully submits its Response in Opposition to Plaintiff's Motions to Remand to State Court and to Stay Arbitration.

## **INTRODUCTION**

Plaintiff Claudia Harris ("Plaintiff"), proceeding without counsel, initiated the instant action against Experian and Defendant Equifax Information Services, LLC ("Equifax") via Summons with Endorsed Complaint (the "Complaint"). *See* Compl., ECF No. 1. The Complaint is one page in length but contains a sum total of two and a half lines of substantive text. Though purportedly listing a number of "causes of action" against Experian, the Complaint is entirely bereft of supporting details and fails to give Experian adequate notice of Plaintiff's claims or the factual basis for the same. Given the lack of any allegations that could plausibly give rise to a claim, the case should be dismissed with prejudice.

After Experian removed this case to federal court because of a federal question, Plaintiff moved to remand to state court on purported diversity grounds. *See* ECF Nos. 8 and 10. But as Magistrate Judge Lois Bloom stated in her Order, "as defendants removed the case to federal court because of a federal question, namely, that plaintiff's claims are brought under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, the parties do not need to have complete diversity. 28 U.S.C. § 1331." *See* ECF No. 10. Plaintiff's motion for remand should be denied. Plaintiff also requested to stay arbitration, but as noted by the Court, "does not provide further context as to the current state of arbitration." *Id.* Currently, there is no arbitration to stay and thus Plaintiff's request should be denied.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On September 19, 2024, Plaintiff filed the Complaint against Experian and Equifax in the Civil Court of the City of New York, County of Queens, bearing Index Number CV-022221-24/QU (the "State Court Action"). This pleading (ECF No. 1) contains a single sentence that summarily asserts several different "claims" without providing any factual details. That sentence reads in full: "Failure to provide proper services; Personal Injuries; Repairs; Return of Security; Breach of Contract or Warranty; Defamation of character; Failure to comply with FCRA Guidelines and 15 USC 1681; for $50,000.00 with interest from 08/21/2023." The Complaint does not contain any facts nor does it specify against which of the two Defendants each cause of action is asserted. Given that the Complaint purports to allege a cause of action under federal law, i.e., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), Defendant Experian timely removed the State Court Action to this Court on November 4, 2024. See ECF No. 1. Judge Bloom extended Defendant Experian's time to respond to the Complaint until November 22, 2024. See ECF No. 5. Plaintiff filed requests to remand to state court and stay arbitration on November 20, 2024. See ECF Nos. 7 and 8. District Judge Nina R. Morrison was assigned to this case on December 2, 2024. See ECF No. 10. In an Order on December 3, 2024, the Court construed Plaintiff's requests as motions and ordered Experian to respond in this memorandum in support of its motion to dismiss. *See* ECF Nos. 7 and 8.

## LEGAL STANDARD

Where a complaint does not contain sufficient facts to state a claim that is plausible on its face, dismissal is warranted. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) is appropriate when a complaint lacks facts to support a "cognizable legal theory." *Manohar v. City of New York Hum. Res. Admin.*, No. 09-cv-2559, 2009 WL 10740173, at *2 (S.D.N.Y. Aug. 12, 2009). To survive a motion to dismiss, then, Plaintiff must allege facts

2

sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must provide enough factual "heft" to plausibly "show that the [Plaintiff] is entitled to relief." *Id.* at 557. The plausibility standard demands pleading which raises "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See id.* (internal quotations and citation omitted).

Threadbare recitals of a claim's elements, supported by conclusory statements (or not at all), are insufficient to carry Plaintiff's burden. *See id.* While a *pro se* litigant's pleadings may be construed liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), "pro se plaintiff[s] must still comply with the relevant rules of procedural and substantive law." *Wilber v. U.S. Postal Serv.*, No. 10-cv-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted). The claims of *pro se* plaintiffs must still be adequately pled and are subject to dismissal if they are not. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d. Cir. 2000) (rejecting *pro se* Plaintiff's position that "she should . . . be given a chance to reframe" "a claim that she has inadequately or inartfully pleaded"); *see also Peterson v. City of New York*, No. 10- cv-7283, 2018 WL 5811432, at *3 (S.D.N.Y. Nov. 6, 2018) ("While a complaint by a *pro se* plaintiff is construed liberally, the complaint still must conform to the pleading requirements of the Federal Rules and is subject to dismissal if the plaintiff fails to allege sufficient facts from which this [c]ourt could reasonably interpret a plausible claim.").

**ARGUMENT**

I. **PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM FOR RELIEF**

Plaintiff's Complaint does not set forth a plausible claim against Experian. The two-and-a-half substantive lines in the Complaint purport to list six "causes of action."[1] But the Complaint goes no further toward demonstrating that Plaintiff is entitled to relief from Experian. The Complaint fails to plead any facts *at all* supporting Plaintiff's six causes of action. Specifically, the Complaint does not provide any facts to establish: (a) any alleged violation of the FCRA, (b) defamation of character Plaintiff allegedly suffered, (c) any contract or warranty Experian allegedly breached and how it breached it, (d) personal injuries Plaintiff allegedly suffered, (e) the supposed "return of security" Plaintiff is allegedly entitled to and did not receive, (f) repairs that Plaintiff was allegedly entitled to and did not receive, or (g) any purported services Experian allegedly was obligated to and did not provide to Plaintiff. Plaintiff's Complaint also must be dismissed because Plaintiff fails to allege that she suffered damages from Experian's reporting. The Complaint's brief allegations that Plaintiff suffered "Personal Injuries" and that she is entitled to "$50,000.00 with interest from 08/21/2023" are insufficient to demonstrate that she was damaged.

    A. **Plaintiff's Individual Causes of Action Fail to State a Claim**

        1. **Plaintiff Fails to State a Claim for an FCRA Violation Because She Fails to Describe any Inaccuracy in Experian's Reporting or any Procedure that is Unreasonable**

Plaintiff's vague assertion that Experian violated the FCRA should be dismissed because it does not contain sufficient facts to state a claim that is plausible on its face. The Complaint alleges that Experian "[f]ail[ed] to comply with FCRA Guidelines and 15 USC 1681." The

---

[1] Although nominally listed amongst the other "causes of action" in the Complaint, Experian interprets "Personal Injuries" to be an element of Plaintiff's claimed damages, not a unique cause of action.

4

Complaint does not specify what provisions of the FRCA Experian allegedly violated. This deficiency alone fails to put Experian on fair notice of the allegations against it. However, courts in this Circuit have liberally construed *pro se* complaints against consumer reporting agencies such as Experian to assert "violation[s] of duties or requirements imposed under the FCRA for [consumer] reporting agencies," namely, those listed in 15 U.S.C. §§ 1681e(b) and 1681i. *See Swainson v. Lendingclub Corp.*, No. 21 Civ. 5379, 2022 WL 2704629, at *6 n.3 (S.D.N.Y. June 24, 2022), *report and recommendation adopted*, 2022 WL 2704486 (S.D.N.Y. July 12, 2022). Even liberally analyzed under these two provisions of the FCRA, the Complaint cannot stand as it fails to describe any inaccuracy in the information reported by Experian or any procedure of Experian's that was allegedly unreasonable.

§ 1681e(b) of the FCRA provides that when "a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Section 1681i sets out procedures consumer reporting agencies must follow to reinvestigate consumer disputes as to the accuracy of reported information. *See* 15 U.S.C. § 1681i; *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367, 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019). To successfully state a claim under both Sections 1681e(b) and 1681i, a plaintiff must demonstrate that information reported by the consumer reporting agency is inaccurate. *Gestetner v. Equifax Info. Servs., LLC*, No. 18-CIV-5665, 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019). Here, Plaintiff's Complaint does not provide any facts at all, let alone any facts demonstrating any alleged inaccuracy in Experian's reporting. The FCRA "count" of the Complaint should be dismissed on this basis. *Khan*, 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019).

5

Aside from the fatal failure to state any inaccuracy, the Complaint does not allege any facts from which it could be determined that Experian failed to follow reasonable procedures, an element of a § 1681e(b) claim. "To succeed on a claim under [§ 1681e(b)], a plaintiff must establish that: (1) the consumer reporting agency was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury." *Whelan v. Trans Union Credit Reporting Agency*, 862 F.Supp. 824, 829 (E.D.N.Y. 1994). Failure to allege an unreasonable procedure is a sufficient and independent basis to dismiss the FCRA count. *See, e.g., Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058, 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) (granting defendants' motion to dismiss where plaintiff failed "to make any allegations relating to the procedures [defendants] instituted to ensure the accuracy of the information in [plaintiff's] credit reports"). Plaintiff's Complaint is completely devoid of any facts in support of her FCRA claim, warranting dismissal.

    **2.**    **Plaintiff Fails to State a Claim for Defamation Because Malice is Not Alleged**

Plaintiff's Complaint fails to state a claim for defamation for two independent reasons. First, the FCRA preempts defamation claims unless the plaintiff alleges facts which permits an inference of malice against Experian. No such inference can be discerned from the Complaint. Second, the defamation claim is too conclusory to survive a motion to dismiss.

The FCRA provides that "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency . . . based in whole or in part on [a consumer] report[,] except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Plaintiff

6

fails to allege any facts making it plausible that Experian furnished information with malice or willful intent to injure. *See Prakash v. Homecomings Fin.*, No. 05-CV-2895, 2006 WL 2570900, at *6 (E.D.N.Y. Sept. 5, 2006) (holding that the otherwise preempted defamation claim could "only go forward if a plaintiff alleges that the furnisher of information provided inaccurate information with malice or willful intent to injure the consumer."). While a plaintiff "may allege malice or intent generally," the Complaint does not set forth any facts that could lead to an inference that Experian "knowingly and intentionally committed an act in conscious disregard for the rights of others." *Whelan*, 862 F. Supp. at 833.

Even if Plaintiff's defamation claim was not preempted by the FCRA, Plaintiff does not plausibly allege a claim for defamation under New York law, which requires establishing: "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and, it must either cause special harm or constitute defamation per se." *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (1st Dep't 1999). Plaintiff's Complaint contains no facts that could satisfy any of these requirements, let alone all. Instead, it is a mere conclusory legal statement lacking factual support not entitled to any presumption of truth. *Dominski v. Frank Williams & Son, LLC*, 848 N.Y.S.2d 791, 792 (4th Dep't 2007). For this independent reason, the defamation count must be dismissed. *See Mitchell v. Experian Info. Sols., Inc.*, No. 22-CV-5883, 2023 WL 2990479, at *3 (E.D.N.Y. Apr. 18, 2023) (dismissing defamation claim brought by *pro se* plaintiff where the Summons with Notice merely stated that "plaintiff 'is suing . . . Experian for defamation of Character.'").

   **3.**  **Plaintiff Fails to State a Claim for Breach of Contract or Warranty Because Plaintiff Cannot Allege a Contract or Warranty Between Her and Experian**

Plaintiff's Complaint fails to state a claim for "breach of contract or warranty" because Plaintiff fails to establish, and cannot establish, any contract or warranty between herself and

7

Experian. Under New York law, "to state a claim [for] breach of contract, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011) (citations omitted). And "a cause of action for breach of warranty is a contractual remedy . . . which seeks to provide the parties with the benefit of their bargain." *Hollman v. Taser Int'l Inc.*, 928 F. Supp. 2d 657, 681-82 (E.D.N.Y 2013). The Complaint does not allege any facts showing the existence of a contract between Plaintiff and Experian. There is also no allegation that Experian provided Plaintiff goods or services or any sort of warranty related to the same. These deficiencies cannot be remedied because Experian is a consumer reporting agency that did not enter into a contract, provide goods or services, or issue a warranty to Plaintiff. In analogous circumstances, courts have granted Experian's motions to dismiss breach of contract claims brought by *pro se* litigants because a plaintiff "cannot allege that Experian breached an obligation that did not exist." *Little v. Experian Info. Sols., Inc.,* No. 8:22-CV-00575, 2022 WL 17467708, at *3 (D. Md. Dec. 6, 2022) (dismissing claim where the plaintiff "has not alleged any facts in support of a contractual obligation Experian may have . . . ."). The breach of contract or warranty claim must be dismissed.

    **4.**    **Plaintiff Fails to State a Claim for "Failure to Provide Proper Services," "Repairs," or "Return of Security," as Each is Inapplicable to Experian.**

Plaintiff's Complaint cannot state a claim as to Experian for "Failure to provide proper services," "Return of Security," or "Repairs." The Complaint provides no supporting facts to explain what "services" Experian allegedly failed to provide to Plaintiff or how they were "improper," what "security" Plaintiff refers to or how Experian failed to "return" it, or what "Repairs" means in the context of this dispute. There are no facts alleged in the Complaint to support these "causes of action," so the Court cannot draw any plausible inference from the

8

Complaint that Plaintiff is entitled to the relief sought. Courts interpreting similarly bare complaints have routinely dismissed them as inadequate. *See, e.g., McCrae v. Trans Union LLC*, No. 1:23-cv-07971, 2024 WL 1859965, at *1-2 (S.D.N.Y. Apr. 29, 2024) (granting motion to dismiss complaint that alleged in relevant part that consumer reporting agency "fail[ed] to provide proper services"; *Darden v. Experian Info. Sols., Inc.*, No. 1:22-CV-0896, 2024 WL 489442, at *23 (N.D. Ga. Jan. 24, 2024) (labeling Plaintiff's request for declaratory relief, including a request for "the return of his security(s) or current value in legal tender if the security has been converted . . . ," as "simply nonsensical"). The Court should dismiss the "Failure to provide proper services," "Return of Security," and "Repairs" causes of action.

### B.  Plaintiff Fails to Allege Damages or that Experian Proximately Caused Her Damages

Plaintiff further has failed to plead facts sufficient to establish the existence of actual damages, and therefore dismissal of the Complaint is warranted. Actual damages are required in FCRA cases: "[l]iability under the FCRA attaches for both negligent violations, which require a showing of actual damages, and willful violations, for which statutory and punitive damages are available," *Burns v. Bank of Am.,* 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008), *aff'd*, 360 F. App'x 255 (2d Cir. 2010). Willful violations of the FCRA do not require actual damages, but Plaintiff fails to allege that Experian acted willfully or any facts from which the Court could interpret that Experian acted willfully. Plaintiff does not identify any specific credit she applied for or was denied—such as the type of credit she sought, the name of the alleged creditor that denied her credit, the reason for the denial, or the approximate date of the denial. Even if Plaintiff had applied for credit, and Experian had issued a consumer report, which Plaintiff has not alleged, Plaintiff still does not plead any facts that Experian's conduct was the cause of her damages. *Wilson v. HSBC Bank, USA as Tr. of Bcap-2008-In1*, No. 16-cv-8405-NSR, 2019 WL 1004587, at *4

9

(S.D.N.Y. Mar. 1, 2019), *aff'd sub nom. Wilson v. HSBC Bank, USA*, 834 F. App'x 607 (2d Cir. 2020).

Plaintiff fails to demonstrate her entitlement to damages. The mere existence of negative credit information in a consumer's file is legally insufficient and "completely fail[s]" to demonstrate damages where, as here, no specific lost credit opportunity is pled and there is no evidence that a third party received the consumer's credit report. *See, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d Cir. 1995) (a plaintiff cannot "recover for pain and suffering when he has failed to show that any creditor or other person ever learned of the derogatory information from a credit reporting agency"); *Perl v. Am. Exp.*, No. 11 Civ. 7374, 2012 WL 178333, at *4 (S.D.N.Y. Jan. 19, 2012) (dismissing FCRA claim where plaintiff failed to plead facts that negative credit information caused actual injury to the plaintiff). Courts find that plaintiffs fail to state a claim for relief by bringing claims for "personal injuries" without any more factual allegations. *Shteynberg v. San Diego Cnty. Jail Sheriff's Dep't Med. Team*, No. 17-CV-1098, 2017 WL 11886002, at *2 (S.D. Cal. June 30, 2017); *cf., e.g., Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 65-66 (2d Cir. 2021) (to survive dismissal a plaintiff must "plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief." (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018)).

Finally, Plaintiff does not plausibly allege that Experian proximately caused her injury. Plaintiff pleads no facts cogently establishing any injury or that any possible injury was caused by Experian. Plaintiff's Complaint does not distinguish the allegations asserted between Defendants Experian and Equifax, another reason that dismissal is required. *See In re Sagent Tech., Inc.*, 278 F.Supp.2d 1079, 1094 (N.D.Cal.2003) ("[T]he complaint fails to state a claim because plaintiffs

10

do not indicate which individual defendant or defendants were responsible for which alleged wrongful act.").

II. **PLAINTIFF ARGUES AN IRRELEVANT BASIS FOR REMAND**

Plaintiff alleged claims for relief against Defendants in the State Court Action that arise under the FCRA. Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims for relief, as these claims arise from the same operative facts and form part of the same case or controversy as Plaintiff's federal FCRA claims. The above-captioned action was thus properly removed to this United States District Court pursuant to 28 U.S.C § 1441(a) and Magistrate Judge Lois Bloom was assigned on the date Experian filed a Notice of Removal. *See* ECF No. 1.

Plaintiff's request to remand is solely based on diversity jurisdiction. Diversity jurisdiction is an improper basis because it is not at issue in this case. As the Court noted, "as defendants removed the case to federal court because of a federal question, namely, that plaintiff's claims are brought under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, the parties do not need to have complete diversity. 28 U.S.C. § 1331." *See* ECF No. 10. Plaintiff's request to remand this matter should therefore be denied.

III. **PLAINTIFF REQUESTS A STAY OF NONEXISTENT ARBITRATION**

As the Court noted, Plaintiff's request to stay arbitration "does not provide further context as to the current state of arbitration." *See* ECF No. 10. There is no ongoing arbitration to stay at this time. Plaintiff has not stipulated to arbitrate her claims against Experian, and she has not initiated arbitration proceedings with Experian. Experian has not filed a motion to compel arbitration of Plaintiff's claims against Experian. The only proceeding currently involving these two parties is this present action. In similar circumstances, when there is no pending arbitration,

courts have declined to render a determination whether an arbitration should be stayed. *See Sutherland Glob. Servs., Inc. v. Adam Techs. Int'l, SA de C.V.*, No. 11-CV-06425, 2012 WL 13046330, at *2 (W.D.N.Y. June 22, 2012) ("any threat that an arbitration on this issue will commence is too speculative for this Court to determine whether it should be stayed").

Courts dismiss motions relating to a nonexistent arbitration as moot and find the moving party's argument to be premature. *Commc'ns Workers of Am., AFL-CIO v. Verizon New York Inc.*, No. 02 CIV. 4265, 2002 WL 31496221, at *8 (S.D.N.Y. Nov. 8, 2002). The plaintiff in *Communications Workers* sought "an injunction of potential layoffs until such time as the pending arbitration can be decided" while there was no pending arbitration. *Id.* at 7. After finding that a pending arbitration did not exist, the court dismissed the motion as moot. *Id.* at 8.

If the case is not dismissed, Plaintiff is potentially subject to arbitration. "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." *See Nunez v. Citibank*, N.A., No. 08 Civ. 5398, 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009). Plaintiff agreed to arbitration when she enrolled in a CreditWorks membership. Her membership initiated on April 21, 2023; Plaintiff filed the complaint against Experian on September 19, 2024. Experian does not waive its right to file a motion to compel arbitration in this matter.

At this time, there is no arbitration and Plaintiff's request to stay arbitration should therefore be denied.

## **CONCLUSION**

For the foregoing reasons, Experian respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint with prejudice, and denying Plaintiff's motions to remand to state court and to stay arbitration.

12

Dated: December 17, 2024

Respectfully submitted,

*Lauren H. Kim*
Lauren H. Kim
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3434
Email: lkim@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

13