**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ORIGINAL

CLAUDIA HARRIS,
Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC,
Defendants.

Case No.: 1:24-cv-7696-NRM-LB

REC'D IN PRO SE OFFICE
MAR 11 '2 PM1:29

**PLAINTIFF CLAUDIA HARRIS**
**OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S MOTION TO DISMISS.**

Defendant Experian Information Solution, Inc. ("Experian"), would like the court to abandon the the facts of why the Plaintiff needed to file the Complaint and opposition with the 22 pages of detailed factual support to show how abstinent and vicious the maligning actions of willful negligence conducted repeatedly by the Defendants, Experian and Equifax Information Services,LLC have been persistently practiced against the Plaintiff. The purpose of the these credit reporting agencies, like these Defendants, Experian and Equifax Information Services,LLC, according to the definition set forth by FCRA 15 USC Chapter 41, Subchapter III: Credit Reporting Agencies §1681a (3)(f) *"consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.* The consumer report defined by FCRA 15 USC Chapter 41, Subchapter III: Credit Reporting Agencies §1681a. (1) *...any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for— (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.*

The Defendants, Experian and Equifax Information Services, LLC have knowingly maintained erroneous information regarding the Plaintiff for over two years when letters began being sent out to notify the consumer reporting agency for over two years, April 2020 when Plaintiff first reached out to the consumer reporting agency Defendants, Experian and Equifax Information Services,LLC then again on April 11,2023 then again May 06,2023, then again letters went out concerning inaccurate information on August 08, 2023, without Defendants, Experian and Equifax Information Services, LLC, adhering to the guidelines FCRA put forth for credit reporting agencies : §1681i.(a)(1A)*...if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information...* this guideline was not followed at any time when the Plaintiff's letters were being written and sent, between 2020 thru 2023 to the Defendants, Equifax and Experian Information

Services,LLC as illustrated in the 22 pages of the Plaintiff's corrected opposition dated February 03, 2025.

The abandonment of the Defendants responsibility to follow the guidelines set forth by the FCRA has jeopardized and hindered the Plaintiff unnecessarily when looking into securing credit cards, lines of credit, increasing existing credit, re-financing opportunities and potential gainful employment— §1681a(k)Adverse Action— (ii) *a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee*, These aforementioned things all go into how Plaintiff's original Summons of Endorsed Complaint was summarized by the clerk preparing said document condensed the information being recorded as a breach of contract of what the consumer reporting agencies are to uphold according to FCRA's guidelines specifically 15 U.S.C. §1681; defamation of Plaintiff's character through the intentional negligence Defendants participated in by not reporting the item disputed by the Plaintiff, left the Plaintiff's consumer credit report to cast an unfavorable representation of the Plaintiff as the consumer reporting agency set forth to practice fraudulence while being communicated with directly by the Plaintiff through direct correspondences ( letters shared in February 3, 2025 Plaintiff's response) and indirect correspondence thru Smart Credit, causing the hiring process to be terminated due to item found on Plaintiff's credit report. Defendants failed to carry out their responsibility of proper service to reinvestigate the dispute Plaintiff repeatedly made known from April 2020; April 11, 2023; May 06, 2023 ; August 08,2023, in a timely manner, keeping the inaccurate and incomplete information on Plaintiff credit report which made a potential employer take away an opportunity for the Plaintiff to move forward in the hiring process which was emotional distressing and financially damaging for the Plaintiff; this the Complaints states personal injuries. The constant distress the Plaintiff suffered further as a result of becoming sensitive to what employment could be sought to match the education level and professional goals caused undue insult and injury since this was not the first time the Defendants, Experian and Equifax Information Services,LLC, were made aware of Plaintiff's disputing information on the credit report since April 2020. Now Defendant, Experian, has still continued to fraudulently look to deny Plaintiff's request to cure the dispute, as if they were not notified by the Plaintiff's multiple letters of dispute. The Defendants intentionally did not note the credit report item as being disputed by Plaintiff during the direct correspondences in the 30 day window nor after that assigned time frame.

Defendants, Experian and Equifax Information Services,LLC, were to reinvestigate the Plaintiff's consumer's file according to the guidelines set forth by FCRA 15 USC Chapter 41, Subchapter III: Credit Reporting Agencies §1681i (a) reinvestigation of disputed information (1) reinvestigation required (A)...*if the completeness or accuracy of any item of information contained in a consumer's file (report) at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate* ***and*** *record the current status of the dispute information, or delete the item from the file in accordance with paragraph (5)*

*Treatment of inaccurate or unverifiable information*

*[ (A) In general, If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified I, the consumer reporting agency shall—(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation...]*

*, before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.*

All of which was not done by the Defendants, Experian and Equifax Information Services, LLC but instead blatantly ignored. Defendants Experian and Equifax Information Services, LLC, recklessly ignored their duties from the first letter of correspondence sent by the Plaintiff in April 2020 through August 08,2023 where the issue was raised regarding: the status of the account being inaccurate and remaining so; the payment history being inaccurate and remaining so; balance being inaccurate and remaining so; open date of the account being inaccurate and remaining so; closed date of the account being both inaccurate and incomplete and remaining so; which those letters stated and precisely what Plaintiff showed till remains after over two years of following FCRA guidelines for consumers having disputes, before Plaintiff sought equity and cure for willful neglect and harm done to the Plaintiff by the Defendants Experian and Equifax Information Services,LLC.
Also the Defendant states in ECF No.24 page 6 Plaintiff did not state what is inaccurate... this is false as the first letter in April 2020, May 06,2023 letter plainly restated, August 08, 2023 plainly stated the complaint regarding the inaccuracies and the lack of action taken by the Defendants in accordance with FCRA guidelines. It is the responsibility of the Defendant to return to the furnisher who pays them and get the furnisher to state whether they have differing information being reported to consumer reporting agencies they pay to partner with not the consumer's job to tell the furnishing paid partner ( the consumer reporting agency) what to put down or else consumers would all have stellar credit reports if that was what the FCRA guidelines supported.

The lack of action showed malicious intent as Defendants deliberately failed to comply with industry Federal regulated guidelines when, 15 U.S.C. §1681i (a), ... *the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate* ***and*** *record the current status of the dispute information, or delete the item from the file in accordance...* it is the responsibility of the credit reporting agency to go to the furnisher to whom some kind of fees or dues have been given to report information the furnisher gives, that they ( consumer reporting agency) collect and report the consumer's dispute as given in the consumer's notification and noting on the consumer's report that the item is being disputed while the reinvestigation is happening within the 30 day time period removing item or modifying item or verifying item; leaving the Plaintiff's only other recourse for equitable cure was to go through with the Summons with Endorsed Complaint ( as per the suggestion of the Pro Se Help Center at Queens County Civil Court, having a formal complaint attached would strike out the words "endorsed summons" [ According to Part 208 of Uniform Civil Rules for the New York City Civil Court], which was not the suggestion given the Plaintiff to do) where the County Court Civil clerk wrote a summation of Plaintiff's full complaint to be submitted; regarding Defendant's hope to discredit the general endorsed complaint to again attempt to deny Plaintiff's right to due process by requesting dismissal based on the guidance given Pro Se and carried out by Pro Se including the sending of Exhibits A through E to all three credit reporting agencies addresses found on their respective websites to mail disputes to, as was suggested to the Pro Se Plaintiff to do before having the Complaint properly served, which was done.

Defendent request for dismissal should be denied with prejudice even if the court should decide to ignore the Exhibits A through D that was sent in September of 2023 to the Defendants there is still merit to Plaintiff's case. To the fact that the Defendants failed to follow the guidelines in a timely manner to respond to the dispute within 30 days; no annotating Plaintiff's credit report as being disputed while reinvestigating, which is a direct violation of Public Law 91-508 Title 6§ 611

(8c) :*Notification of consumer dispute in subsequent consumer reports. Whenever a statement of a dispute is filed, the consumer reporting agency shall clearly note that it is disputed by the*

*consumer AND provide either the consumer's statement or a clear AND accurate codification Or summary thereof.*

; causing possible employment to respond adversely to Plaintiff due to credit report casting a poor picture of Plaintiff as well as leading to higher interest rate for loans and credit cards held or looked into securing thus causing harm and personal injury amidst distress; breaching the contract or warranty to uphold the guidelines set forth by FCRA and 15 USC § 1681 regarding consumers and their rights to be protected and heard.

Plaintiff has a right to be heard and protected according to FCRA and by the court to seek equitable cure. Defendants, Experian and Equifax being Credit Reporting Agencies (CRA) are bound to uphold according to Fair Credit Reporting Act(FCRA) 15 U.S.C. § 1681, as well as, Public Law 91-508 states... *CRA promote accuracy, fairness... of personal information assembled by CRA*, however the CRA Defendants, Experian and Equifax, failed to comply with FCRA U.S.C.§1681 e (a)(b) and §1681 i(a) (1)(A) and (a) (2)(A) and (a)(5)(A) , Public Law 91-508 Title 6 continuing to intentionally report inaccurate information regarding the Plaintiff thus still causing unnecessary harm until equitable cure be granted by the court to the Plaintiff.

Dated: March 11,2025

Respectfully submitted,

Claudia Harris

Claudia Harris
Plaintiff Pro Se